**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JIN J. FANG,** *Individually and as
Parent and Natural Guardian of*
**AY,**

                             **Plaintiffs,**

    vs.                                    5:15-cv-1251
                                             (MAD/DEP)
**MOHAMUD DOFAR, WERNER
ENTERPRISES, INC.,**

                             **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**CHERUNDOLO LAW FIRM, PLLC**       **JOHN C. CHERUNDOLO, ESQ.**
AXA Tower One 17th Floor
100 Madison Street
Syracuse, New York 13202
Attorney for Plaintiffs

**CARTER, CONBOY, CASE, BLACKMORE,**   **WILLIAM J. DECAIRE, ESQ.**
**MALONEY & LAIRD, P.C.**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 20, 2015, Jin J. Fang commenced this action individually and on behalf of her minor child, A.Y., pursuant to New York Insurance Law § 5104 for injuries arising out of an motor vehicle accident. *See* Dkt. No. 1. On January 31, 2018, Defendants Werner Enterprises, Inc. and Mohamud Dofar filed a motion to preclude Plaintiffs' expert reports and testimony and

for summary judgment. *See* Dkt. No. 33. For the following reasons, the motion to preclude is denied, and the motion for summary judgment is granted in part and denied in part.

## II. BACKGROUND

### A.    The Collision

On August 15, 2013, Plaintiffs and Defendants were involved in a traffic accident on the southbound side of I-81 near Cortlandville, New York. *See* Dkt. No. 33-29 at ¶ 4. Plaintiff Jin Fang was driving behind Defendants' tractor-trailer for approximately ten minutes prior to the collision. *See id.* at ¶ 6. Plaintiff moved into the left-hand lane to pass Defendants' vehicle. *See id.* at ¶ 7. Brenden Thomas, a non-party witness, was traveling behind Defendants' vehicle and witnessed the accident. *See id.* at ¶ 8. Mr. Thomas testified that he observed Plaintiffs' vehicle move into the right lane, strike Defendants' vehicle, bounce between the tractor-trailer and the guardrail, and then move in front of the tractor-trailer before striking the right-hand guardrail. *See id.* at ¶ 10. Mr. Thomas further testified that the accident occurred in the right-hand lane and that the tractor-trailer remained in the right-hand lane throughout the accident. *See id.* at ¶ 11-12.

### B.    Pregnancy and Miscarriage

At a July 8, 2013 appointment, Dr. Tat H. Wong confirmed that Plaintiff's human chorionic gonadotropin ("hCG") level was approximately 430.[1] *See id.* at ¶ 14. At a July 13, 2013 appointment, Dr. Wong noted that Plaintiff Jin Fang's last menstrual period was on June 7, 2013, which results in a calculated gestational age of five weeks and one day. *See id.* Following the accident, an ultrasound at Cortland Regional Medical Center confirmed that Plaintiff Jin Fang's fetus did not have a heartbeat and was approximately eight-weeks-and-one-day old. *See id.* at ¶ 16-17. Bloodwork conducted following the accident measured Plaintiff's hCG levels at

---

[1] hCH is a hormone produced during pregnancy that increases in volume during the first 8-11 weeks of pregnancy.

7,828. *See id.* MRI scans at St. Michael's Hospital in Toronto, Ontario, of Plaintiff Jin Fang's brain, cervical spine, and lumbosacral spine were "unremarkable." *See id*. at ¶ 19.

Defendants' expert, Dr. Sangani, diagnosed Plaintiff Jin Fang with post-traumatic stress disorder ("PTSD"), conversion disorder, and major depressive disorder. *See* Dkt. No. 35-18 at 5. Dr. Sangani diagnosed A.Y. with PTSD "in the form of anger outbursts, withdrawal, flashbacks and nightmares . . . ." *See* Dkt. No. 35-19 at 3. A.Y. responded well to treatment with a social worker and the only remaining effects are the nightmares she experiences. *See id.*

**C.     Expert Reports and Procedural History**

On October 20, 2015, Plaintiffs commenced this action pursuant to New York Insurance Law § 5104 for injuries arising out of the motor vehicle accident. On May 1, 2017, Magistrate Judge Peebles issued a scheduling order requiring Plaintiffs' expert disclosures by August 31, 2017, Defendants' expert disclosures by October 15, 2017, and rebuttal disclosures by October 31, 2017. *See* Dkt. No. 29. Plaintiffs disclosed their expert witnesses on August 31, 2017. *See* Dkt. No. 35-12. Plaintiffs were made available for deposition on July 26, 2017. Non-party witness, Kyle Wettekin, was made available for deposition on November 6, 2017. Defendant Werner Enterpsies, Inc.'s corporate designee was made available for deposition on November 26, 2017. Non-party witness, Brenden Thomas, was made available for deposition on November 29, 2017.

Plaintiffs disclosed that they would call Mr. Harrington to testify as an expert in accident reconstruction. *See id*. at 1-3. Mr. Harrington would demonstrate that Defendant Dofar caused the accident by shifting into the left lane. *See id.* Plaintiffs included a summary of Mr. Harrington's report in their initial disclosure, and on February 16, 2018, provided Mr. Harrington's written report with Plaintiffs' opposition to Defendants' motion for summary judgment. *See* Dkt. No. 35-16. Mr. Harrington's report provides an account of the "most likely

sequence of events" leading up to and during the accident that places Defendant Dofar at fault. *See id.*

On November 15, 2017, Plaintiffs provided Dr. Blumetti's written report. *See* Dkt. No. 35-14. Dr. Blumetti is a psychologists licensed by the State of New York with a limited practice confined to consultation and evaluation in clinical neuropsychology. *See* Dkt. No. 35-15 at ¶ 1. Dr. Blumetti's report states that Plaintiff Jin Fang's "symptoms manifest would be viewed as substantial and significant and causally related to the 8/15/13 motor vehicle accident and the examinee's subsequent miscarriage, which has played a significant role in her symptom development." *See id*. at 11.

On January 31, 2018, Defendants moved to preclude the reports and testimony of Mr. Harrington and Dr. Blumetti for failure to comply with Rule 26 of the Federal Rules of Civil Procedure. *See* Dkt. No. 33. Defendants contend that Dr. Blumetti's written report is not properly classified as rebuttal evidence and should have been attached to Plaintiffs' initial disclosure on August 31, 2017. *See id.* at 6. Defendants also moved for summary judgment asserting that neither Plaintiff Jin Fang nor A.Y. suffered the type of "serious injury" required by New York Insurance Law. *See id.* at 14, 20. Defendants also argue that summary judgment is appropriate because witness testimony demonstrates that Plaintiff Jin Fang caused the accident. *See id*. at 9.

### III. DISCUSSION

**A.     Motion to Preclude**

Defendants move pursuant to Rule 37 of the Federal Rules of Civil Procedure to preclude the expert reports provided by Dr. Blumetti and Mr. Harrington because Plaintiffs failed to timely disclose the reports. *See* Dkt. No. 33-28 at 4-5. For the following reasons, the Court denies the motion to preclude both expert reports.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party to "disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Such disclosure "must be accompanied by a written report--prepared and signed by the witness--" which must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Furthermore, parties "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Pursuant to Rule 37(c), if a party fails to disclose such information, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Substantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Vioni v. Providence Inv. Mgmt., LLC*, No. 08-CV-2950, 2017 WL 881841, *3 (S.D.N.Y. Mar. 6, 2017).

Courts have acknowledged that precluding expert testimony is a drastic remedy that "should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules." *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995) (citation omitted). When determining whether to preclude an expert's trial testimony based on a party's failure to make timely expert disclosures, courts consider "(1) the reason for the failure to timely disclose, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 68 (W.D.N.Y. 2004), *aff'd and adopted*, 233 F.R.D. 126 (W.D.N.Y. 2005).

Dr. Blumetti's report opines on the cause and extent of Plaintiff Jin Fang's alleged injuries, and Mr. Harrington's on the cause of the accident. They are therefore of the utmost importance to Plaintiffs. The Court notes that irrespective of the timeliness of the reports, there is ample time to cure any prejudice against Defendants since no trial date has been set. Further, the actions of Plaintiffs do not suggest such flagrant bad faith as would warrant preclusion. The motion to preclude the expert report of Dr. Blumetti is accordingly denied.

The Court does note that Plaintiff's expert disclosures were deficient and untimely. Parties should not understand the Court's willingness to allow the late reports for purposes of fairness to constitute leniency towards late submissions. When parties anticipate that submissions will be delayed due to discovery constraints or otherwise, leave of this Court should be sought as appropriate.

**B.     Motion for Summary Judgment**

*1. Standard of Review*

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the

6

nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

### *2. Serious Injury*

"To establish that a serious injury has occurred, a plaintiff must present 'competent medical evidence based upon objective medical findings and diagnostic tests.'" *Wahl v. Lothiam*, 235 F. Supp. 2d 334, 336 (S.D.N.Y. 2002) (quoting *Eisen v. Walter & Samuels*, 215 A.D.2d 149, 149 (1995)). The loss of fetus "category of damages is applicable where, as a result of an automobile accident, a viable pregnancy terminates with loss of the fetus." *Leach v. Ocean Black Car Corp.*, 122 A.D.3d 587, 589 (2d Dep't 2014). For recovery, it is necessary for a plaintiff to demonstrate that "the accident constituted a proximate cause of the claimed abortion." *Alladkani v. Daily News, L.P.*, 262 A.D.2d 511, 511 (2d Dep't 1999) (finding that the plaintiff failed to demonstrate the accident was the proximate cause of a miscarriage occurring within two days to three weeks of the accident).

"Where, as here, the defendant moves for summary judgment for lack of 'serious injury,' the Court must engage in the familiar 'burden-shifting scheme,' recently endorsed by the Second Circuit":

> "[A] defendant must establish a prima facie case that plaintiff did not sustain a 'serious injury' within the meaning of Insurance Law § 5102(d). In support of its argument that there is no such serious injury, defendant may rely on the unsworn reports by plaintiff's

7

> physicians, but must provide evidence from its own physicians in
> the form of sworn affidavits. Once a defendant's burden is met, the
> plaintiff is then required to establish a prima facie case that he
> sustained a serious injury. For plaintiff to defeat a summary
> judgment motion, admissible evidence must be presented in the
> form of sworn affidavits by physicians."

*Baytsayeva v. Shapiro*, 868 F. Supp. 2d 6, 19 (E.D.N.Y. 2012) (quoting *Yong Qin Luo v. Mikel*, 625 F.3d 772, 777 (2d Cir. 2010)) (other citation omitted). "Once a defendant has discharged his *prima facie* burden, no matter the underlying category of claimed 'serious injury,' a 'Plaintiff must present objective proof of injury, as subjective complaints of pain will not, standing alone, support a claim for serious injury.'" *Id.* (quoting *Yong Qin Luo*, 625 F.3d at 777). "Nevertheless, plaintiff's subjective evidence and complaints are not irrelevant and may be considered alongside objective evidence to determine whether plaintiff raises a genuine issue of material fact as to 'serious injury.'" *Id.* (citing *Yong Qin Luo*, 625 F.3d at 778).

### *a. Plaintiff's Loss of Fetus*

Plaintiff Jin Fang argues that she suffered a serious injury as defined by New York Insurance Law § 5102(d) because the accident resulted in the "loss of a fetus" as well as in her development of PTSD. *See* Dkt. No. 35 at 13; N.Y. Ins. Law § 5102(d). On July 8, 2013, Plaintiff Jin Fang was confirmed pregnant by her treating physician, Dr. Wong, and her hCG level was measured to be 430. *See* Dkt. No. 33-29 at ¶ 16. On July 13, 2013, Dr. Wong determined that Plaintiff Jin Fang's last menstrual period was June 7, 2013, and that she was about five weeks pregnant. *See id.* at ¶ 15. On August 15, 2013, after the accident, Plaintiff Jin Fang was told her fetus no longer had a heartbeat, and the fetus was found to be eight weeks old. *See id.* at ¶ 16. Plaintiff's hGC level at that time was measured at 7,828. *See id.* at ¶ 17.

Defendants assert that Plaintiff Jin Fang did not suffer a serious injury since the loss of the fetus predated the accident. *See* Dkt. No. 33-28 at 19-22. Defendants' expert, Dr. Karen

8

McShane, found that Plaintiff Jin Fang's hGC level measured at 7,828 is consistent with a fetus between 3 and 4 weeks old. *See* Dkt. No. 33-23 at ¶ 17. Dr. McShane's medical opinion is that Plaintiff's hCG levels should have been in a range of 15,000 to 200,000 for a fetus of 8 weeks and 6 days. *See id*. at ¶ 14. Dr. McShane opines that because hGC levels do not drop abruptly, Plaintiff Jin Fang suffered a miscarriage prior to the accident. *See id*. at ¶ 17.

Defendants provided positive expert evidence that the accident was not in fact the cause of the miscarriage, and Plaintiffs failed to provide any contradictory expert testimony that the accident was the proximate cause of Plaintiff Jin Fang's miscarriage. Plaintiffs also offer no rebuttal evidence demonstrating Plaintiff Jin Fang's pregnancy was viable at the time of the accident. As Plaintiffs fail to meet their burden to rebut Dr. McShane's expert testimony, which establishes that the accident was not the proximate cause of Plaintiff Jin Fang's miscarriage, Plaintiffs have failed to demonstrate a serious injury. *See Baytsayeva v. Shapiro*, 868 F. Supp. 2d 6, 19 (E.D.N.Y. 2012) ("Once a defendant has discharged his *prima facie* burden, no matter the underlying category of claimed 'serious injury,' a 'Plaintiff must present objective proof of injury, as subjective complaints of pain will not, standing alone, support a claim for serious injury'") (quotation omitted).

### *b. Plaintiff's PTSD and Resultant Symptoms*

It is "recognized that an emotional injury, causally related to an automobile accident, can constitute a serious injury sufficient to support a cause of action to recover damages for noneconomic loss." *Wahl*, 235 F. Supp. 2d at 336. A plaintiff may establish PTSD as a serious injury by presenting "'competent medical evidence based upon objective medical findings and diagnostic tests*.*'" *Id*. (quoting *Eisen v. Walter & Samuels, Inc*., 215 A.D.2d 149, 150 (1st Dep't 1995)). However, a plaintiff must further demonstrate that the PTSD "significantly affected

plaintiff's lifestyle[,] . . . rais[ing] questions of fact concerning whether plaintiff suffered a medical impairment which prevented her from performing her usual and customary activities for 90 out of the 180 days following the accident." *Sellitto v. Casey*, 268 A.D.2d 753, 756 (3d Dep't 2000).

In a personal injury suit, plaintiff must demonstrate that the alleged serious injury "was at least partially attributable to the . . . accident." *Chapman v. Capoccia*, 283 A.D.2d 798, 800 (3d Dep't 2001) (holding that where other factors contributed to plaintiff's PTSD diagnosis, it was inconsequential that the experts could not quantify the contribution of the accident to the subsequent PTSD). "[C]onflicting expert opinions create triable issues of fact requiring a trial . . . [and it] is well established that conflicting expert opinions may not be resolved on a motion for summary judgment." *Cook v. Peterson*, 137 A.D.3d 1594, 1596 (3d Dep't 2016) (internal citation and quotation marks omitted). When "[t]wo medical providers . . . have reached their conclusions based on direct examinations, existing medical records, their training, and their experience[,] [r]esolving causation as a matter of law is impossible under these circumstances." *Moscato v. United States*, No. 15-CV-1063V, 2018 WL 783127, *13 (W.D.N.Y. Feb. 8, 2018) (citing *Cook*, 137 A.D.3d at 1598).

Plaintiffs' expert, Dr. Blumetti, opined that "[t]he psychiatric/psychological symptoms manifest would be viewed as substantial and significant and causally related to the 8/15/13 motor vehicle accident and the examinee's subsequent miscarriage, which has played a significant role in her symptom development." *See* Dkt. No. 35-14 at 12. Defendants' expert, Dr. Sangani, diagnosed Plaintiff Jin Fang with PTSD and conversion disorder, but attributed these disorders to her "miscarriage and exacerbation of past traumas," including her history of abuse and cultural pressures. *See* Dkt. No. 35-18 at 6-7. It is undisputed that Plaintiff Jin Fang's psychological

10

symptoms are due in substantial part to the miscarriage.  However, it remains a material and triable question of fact whether any of Plaintiff Jin Fang's psychological symptoms are directly attributable in any measure to the accident.  The Court accordingly denies summary judgment with respect to whether, and to what extent, any of these psychological symptoms are directly attributable to the accident.

### 3.     *Serious Injury of A.Y.*

Neither party argues that A.Y.'s PTSD is a serious injury.  *See* Dkt. No. 35 at 13-14; Dkt. No. 33 at 23-24.  Plaintiffs only assert that A.Y. is entitled to recover based the "zone of danger" theory of liability.  *See* Dkt. No. 35 at 13-14.

"In order to recover for an alleged emotional injury based on the zone of danger theory of liability, a plaintiff must establish that he suffered serious emotional distress that was proximately caused by the observation of a family member's death or serious injury while in the zone of danger . . . ."  *Stamm v. PHH Vehicle Mgmt. Servs., LLC*, 32 A.D.3d 784, 786 (1st Dep't 2006) (citations omitted).  However, "[t]he emotional injury must be not only serious and verifiable but also 'tied, as a matter of proximate causation, to the observation of the serious injury or death of the family member and such injury or death must have been caused by conduct of the defendant." *Id*. (quoting *Bovsun v. Sanperi*, 61 N.Y.2d 219, 231-232 (1984)).

A.Y. cannot recover for emotional injury based on the zone of danger theory of liability because Plaintiffs failed to establish that A.Y.'s PTSD resulted from observing Plaintiff suffer any serious injury that Defendants caused.  Plaintiffs assert that A.Y. developed PTSD as a result of "heari[ing] the crash and witness[ing] her mother hit her head on the steering wheel."  Dkt. No. 35-20 at 14.  Plaintiffs have not demonstrated that Plaintiff Jin Fang hitting her head on the steering wheel was a serious injury and have neither argued nor demonstrated any alternative

11

predicate injury upon which to claim zone-of-danger injury.[2] The Court therefore grants summary judgment in favor of Defendants on the claims asserted on behalf of A.Y.

**D.     Findings of the Court**

For clarity, the Court finds it appropriate to summarize its findings on the material issues of fact that remain in dispute. The Court finds that Plaintiff Jin Fang's loss of her fetus subsequent to the motor vehicle accident of August 15, 2013, was not caused by the accident. A.Y. did not suffer a serious injury or zone-of-danger injury as a result of the motor vehicle accident. Some undetermined portion of Plaintiff Jin Fang's psychiatric or psychological symptoms were, in fact, caused by the miscarriage and not by accident. Because the miscarriage did not contribute to Plaintiff Jin Fang's injuries, and the Plaintiffs have not argued any form of exacerbation, this issue is inappropriate for trial. There remains a disputed issue of fact regarding whether, and to what extent, any of Plaintiff Jin Fang's psychiatric or psychological symptoms were caused *directly* by the motor vehicle accident, as well as whether Defendants were responsible for the motor vehicle accident.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to preclude Plaintiffs' expert reports and testimony (Dkt. No. 33) is **DENIED**; and the Court further

---

[2] Plaintiffs' own expert, Dr. Blumetti, notes in his report that there was no corroboration in her medical records of Plaintiff Jin Fang striking her head during the accident, and that the injury caused by such a strike would be, at worst, "a mild concussive injury." *See* Dkt. 35-14 at 11.

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 33) is **GRANTED in part and DENIED in part** as described above in this opinion; and the Court further

**ORDERS** that all claims asserted on behalf of A.Y. are **DISMISSED** and that A.Y. is **DISMISSED** as a party to this action; and the Court further

**ORDERS** that the Clerk of the Court shall amend the case caption in accordance with the dismissal of A.Y.; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 24, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge