**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

JIN J. FANG,

          **Plaintiff,**

   v.                 9:15-CV-1251
                        (MAD/DEP)

MOHAMUD DOFAR and WERNER
ENTERPRISES, INC.,

          **Defendants.**

_____

APPEARANCES:            OF COUNSEL:

**COZEN O'CONNOR**         **CHRISTOPHER C. FALLON, JR., ESQ.**
200 Four Falls Corporate Center
West Conshohocken, PA 19428
_Attorneys for Plaintiff_

**CARTER, CONBOY, CASE, BLACKMORE,**  **JAMES A. RESILA, ESQ.**
**MALONEY & LAIRD, P.C.**        **MATTHEW J. DILLON, ESQ.**
20 Corporate Woods Boulevard
Albany, New York 12211
_Attorneys for Defendants_

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  On October 20, 2015, Plaintiff Jin J. Fang ("Plaintiff") commenced this action in the United States District Court for the Northern District of New York, pursuant to 42 U.S.C. § 1332. _See_ Dkt. No. 1 at ¶ 2. In the complaint, Plaintiff asserts that the negligence of Werner Enterprises, Inc., and Mohamud Dofar ("Defendants") caused her injuries. _See id._ at ¶ 18. Currently before the Court are the parties motions _in limine_. _See_ Dkt. Nos. 60, 71, 73. Plaintiff and Defendants have opposed the respective motions. _See_ Dkt. Nos. 75, 77.

## II. DISCUSSION

**A.     Standard of Review**

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain evidence. *See Luce v. U.S.*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94–CV–5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998) (citation omitted). Courts considering a motion in limine may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous in limine ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41–42.

**B.     Plaintiff's Motion *in Limine***

   **1.     Plaintiff's Traffic Citation**

At the time of the accident, Plaintiff was cited for violating New York Vehicle and Traffic Law ("VTL") § 1128C, making an unsafe lane change. *See* Dkt. No. 33-8. The citation was dismissed. Plaintiff seeks to preclude evidence related to the issuance of the citation under rules 401, 402, and 403 of the Federal Rules of Evidence. *See* Dkt. No. 60 at 1-2. Defendants concede to the preclusion of the actual citation but intend to offer the police report into evidence. *See* Dkt. No. 75-8 at 5.

With regard to the admissibility of the VTL citation, the Court agrees with Plaintiff. Even assuming that the traffic citation is an admissible fact through the police report, the Court finds

that the prejudice substantially outweighs its probative value where there was no determination that Plaintiff was guilty of the violation. The Court finds that the introduction of the unproven traffic citation, which is inextricably intertwined with the incident giving rise to this lawsuit, "has the potential to prejudice the jury's perception of the facts at issue." *See Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180, *7 (E.D.N.Y. May 21, 2009) (stating that there is a danger that the jury will attach the same weight to the charge as they would a conviction). Accordingly, Plaintiff's motion is granted.

  2.  **Use of Plaintiff's deposition**

Plaintiff moves to preclude the use of her deposition transcript at trial or, in the alternative, asks the Court to conduct a hearing regarding the qualifications of the translator who provided interpretive services at the deposition. *See* Dkt. No. 73.

Rule 604 of the Fed. R. Evid. provides, "[a]n interpreter must be qualified and must give an oath or affirmation to make a true translation." In this case, at the commencement of the deposition, the interpreter answered affirmatively when asked to "swear or affirm" that the testimony would be interpreted "accurately and consistently with the words spoken by the claimant." *See* Dkt. No. 73-1 at 6. At that time, Plaintiff's counsel did not object to the qualifications of the interpreter.

While Plaintiff cites to 28 U.S.C. § 1827(a) ("the Court Interpreter's Act") in support of the argument to preclude the use of her testimony, *see* Dkt. No. 73 at 2, the Court Interpreter's Act does not apply to civil cases between private parties. *See Pedraza v. Phoenix*, No. 93 CIV. 2631, 1994 WL 177285, at *1 (S.D.N.Y. May 9, 1994) (finding that the rights and protections of the Court Interpreters Act do not extend to a civil plaintiff); *see also Anderson v. State Bar of Cal.*, 908 F.2d 976 (9th Cir. 1990) (unpublished table decision) (finding the Act inapplicable to a civil

3

case initiated by a private plaintiff).

The Court has reviewed the entire deposition transcript. At no point during the deposition did Plaintiff claim that she did not understand the questions posed to her. *Jean v. Acme Bus Corp.*, No. CV 08-4885 ARL, 2012 WL 4171226, at *6 (E.D.N.Y. Sept. 19, 2012). Early in the proceeding, counsel discussed the interpretive services:

> Mr. Fallon: Can we go off the record?
> Mr. Decaire: We can keep going off the record, but I mean this is her testimony. If there's - -
> Mr. Fallon: This - - this young translator that you've hired - - we'll stay on the record - -
> Mr. Decaire: Okay.
> Mr. Fallon: - - is a rising college senior.
> Mr. Decaire: Okay.
> Mr. Fallon: - - and I don't know if he's certified by the court system to serve as a translator/interpreter, but I sense there is an interpretation problem here and I'm not going to let my client's testimony not be accurate because of interpretation problems.
> Mr. Decaire: But your sense is from her friend who is here who is also not a certified translator, so how do we know she is correct?
> Mr. Fallon: Well, we know there was an impact and there's no doubt that there was.
> Mr. Decaire: Well, there's a lot of doubt in the case, but I need to get the - - your client's testimony.
> Mr. Fallon: I understand, but if we need to get a certified interpreter to make sure - - this is the most critical part of the liability portion of this case and it's got to be done right and I happen to think I know what the right answer is, but it's got to be done right and I don't think it's being done right.
> Mr. Decaire: Well, what - - what do you want to do then, Chris?
> Mr. Fallon: I don't know, but it's, you know, I think she said in response to an earlier answer of yours there was no contact before the accident.
> Mr. Decaire: Right, and I clarified that wasn't what I was asking.
> Mr. Fallon: I understand and I am not critical of your question.
> Mr. Decaire: Okay.
> Mr. Fallon: But I'm not sure that she understands where you're coming from, okay, and I don't want to have a speaking objection.

4

>   Mr. Decaire:   No, and I appreciate that and I think you and I both understand the difficulties of this whole thing, but - - so I am wondering, what do you want to do? How do you want to rectify this?
>   Mr. Fallon:    Can I talk to you outside?

Dkt. No. 73-1 at 62-64.

The parties continued the discussion, "off the record." Dkt. No. 73-1 at 64. When the attorneys returned, there was no further mention or discussion of the issue and defense counsel continued to question Plaintiff, on the record. *Id.* Throughout the remainder of the deposition, the issue regarding the qualifications of the interpreter and veracity of the testimony was not discussed. *Id.* at 64-112. No objections were preserved.

Six months later, Plaintiff's deposition transcript was annexed as an exhibit in support of Defendants' motion for summary judgment. *See* Dkt. No. 33-11. Plaintiff opposed the motion but failed to raise any objection to the propriety of the transcript or the need to strike the transcript as unreliable. *See* Dkt. No. 35.

At this juncture, the Court finds the motion untimely. Any objection to the interpretation of Plaintiff's testimony at her deposition should have been raised in a motion to strike before the Magistrate Judge during discovery and not on the eve trial in a motion in limine. Accordingly, Plaintiff's motion to preclude the use of her deposition testimony at trial is denied.

### 3. Testimony Related to 2016 Assault

Plaintiff moves to preclude Defendants from offering testimony or evidence related to an alleged physical altercation between Plaintiff and her former father-in-law in 2016 that resulted in hospital treatment. *See* Dkt. No. 60 at 1.

Rule 402 of the fed. R. of Evid. provides that "evidence which is not relevant is not admissible." Relevant evidence has "any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, even if evidence is relevant, it may be excluded if its probative value is outweighed by its potential to unduly prejudice a party. Fed. R. Evid. 403.

Here, the Court notes that while Plaintiff moves to exclude evidence or testimony related to the 2016 altercation with her former father-in-law and subsequent hospital treatment, curiously, she intends to offer evidence about a "breakdown" in 2017 and subsequent medical treatment. *See* Dkt. No. 71-4 at 5; Dkt. No. 77 at 6-7. The Court finds that the probative value of testimony related to both incidents is not outweighed by the prejudicial effect. Accordingly, Plaintiff's motion to preclude evidence related to the 2016 incident is denied.

**C.  Defendants' Motion *in Limine***

    **1.  Witnesses Not Previously Disclosed**

On January 11, 2019, Plaintiff filed a witness list and identified thirteen witnesses to testify at trial: Plaintiff; Angela Fang; Kyle Wettekin; Defendants; Shawn Harrington; Dr. Hung-Tat Lo; Susan Carleo; Maria Yu; Harita Chiu; Custodian of Records for St. Joseph's Hospital; Anthony Blumetti, PhD; and Dominic Tso. Dkt. No. 52. On January 14, 2019, Defendants moved to preclude testimony from witnesses not listed on Plaintiff's initial disclosures including Maria Yu, Harita Chiu, and Susan Carleo. Dkt. No. 71-4 at 5. Defendants contend, and Plaintiff does not deny, that the January 11, 2019 disclosure was the first time Plaintiff identified Yu, Chiu, and Carleo. Plaintiff did not provide the names of these witnesses in any initial disclosure, supplemental disclosure or discovery response prior to January 11th. *See* Dkt. No. 71-1.

Federal Rules of Civil Procedure Rule 37(c) provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information

or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

A party that fails to disclose information pursuant to Rule 26 or fails to amend a previous response, is not permitted to use such information as evidence, unless there is substantial justification provided for the failure and such failure is harmless. *Bynum v. Metro. Transp. Auth.*, 2006 WL 6555106, at *1 (E.D.N.Y. 2006) (citing Fed.R.Civ.P. 37(c)(1)). In determining whether a witness should be precluded, the court should consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness [es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). The purpose of Rule 26 disclosures is to alert the opposing party that the witness may be called to support the party's claims and further, that the opposing party may need to take discovery from that named witness. The Defendants' knowledge of the existence of a witness does not satisfy the Plaintiff's disclosure obligation. *Schiller v. City of New York*, 2008 WL 4525341, at *4 (S.D.N.Y. 2008). It is Plaintiff's burden to establish lack of prejudice, not Defendants' burden. *Castro v. City of New York*, 2009 WL 2461144, at *6 (E.D.N.Y. 2009).

Here, Plaintiff does not attempt to explain or refute her failure to comply with the Rule 26 disclosure requirements. Plaintiff argues that testimony from Susan Carleo, a nurse employed by Plaintiff's counsel, and Harita Chiu, Plaintiff's friend, is relevant. *See* Dkt. No. 77 at 6-7. Plaintiff claims that Ms. Carleo and Ms. Chiu were present at the Independent Medical Examination and witnessed Plaintiff's alleged "breakdown." *See id*. Plaintiff asserts that the witnesses will testify as to the details surrounding that day including a subsequent hospital visit, the records for which have been produced. *See id*. at 7.

At this juncture, the Court will not speculate as to what statements any witness will make and reserves its decision on this motion. If Plaintiff calls either Ms. Carleo or Ms. Chiu to testify, Defendants may object to the testimony and the Court will issue a ruling at that time.

A different conclusion is reached however, with respect to Defendants' motion to preclude Ms. Yu from testifying. From a review of the record, it appears that Ms. Yu was present during Plaintiff's deposition and was identified as a "consultant." *See* Dkt. No. 73-1 at 45-46. In opposition to Defendants' motion, Plaintiff did not present any argument regarding the necessity or relevance of Ms. Yu's testimony and has not made an offer of proof in regard to her proposed testimony. Based upon the Court's decision to deny Plaintiff's motion to preclude the use of her deposition testimony, the Court finds no probative value in Ms. Yu's potential testimony. Accordingly, Defendants' motion to preclude Ms. Yu from testifying at trial is granted.

**2.     Economic Loss**

Defendants move to preclude Plaintiff from presenting evidence in support of a claim for lost wages and/or economic loss. *See* Dkt. No. 71-4 at 3.

Rule 26(a)(1)(A)(iii) provides:

> a computation of each category of damages claimed by the disclosing party - - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

In Plaintiff's First Response to Defendants' Interrogatories, she provided information related to where she was employed at the time of the accident, the dates of her employment, her position, the name of her supervisor, and her salary. Dkt. No. 71-2 at ¶ 6. When asked if she claimed an impairment of earning capacity or loss of future earnings as a result of the injuries she allegedly sustained in the accident, Plaintiff responded:

8

> Plaintiff at this time is unable to fully and completely respond to this Demand inasmuch as discovery in this action has not yet begun, and Plaintiff does not have the benefit of total and full discovery of all of the necessary facts and information to effectively and precisely list the totality of the future impairment of her earnings.

Dkt. No. 71-2 at ¶ 7.

While Defendants argue that this response does not satisfy Rule 26(a)(1)(A)(iii), Plaintiff maintains that even assuming that the response is deficient, Plaintiff testified about her lost wages during her deposition. Plaintiff opposes Defendants' motion to preclude "evidence of Plaintiff's loss of wages and other economic loss" but does not specify what evidence she intends to produce. At this juncture, the Court cannot speculate as to what may be adduced at trial and reserves its decision on this motion. To the extent that any evidence is produced at trial with respect to lost wages, the Court will rule on its admissibility after hearing the foundation that has been laid.

### 3. Negligent Hiring[1]

Defendants move to preclude Plaintiff from presenting evidence in support of a claim for negligent hiring or retention. *See* Dkt. No. 70 at 16-17. While Plaintiff has not responded to Defendants' motion, Plaintiff's Request to Charge includes a charge for "Negligent Hiring or Retention of Employee." *See* Dkt. No. 54 at 14.

Defendants' request is improperly asserted in a motion in limine. In essence, Defendants are asking this Court to rule, as a matter of law, that Plaintiff cannot present a theory of liability. "[I]t is inappropriate [ ... ] to seek what is effectively partial summary judgment in the guise of a motion in limine." *See Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998). Defendants' motion, on this ground, is denied.

---

[1] This argument was presented in Defendants' Pretrial Memorandum of Law. Dkt. No. 70 at 16-17.

## III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion in limine regarding Plaintiff's traffic citation is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion in limine regarding evidence related to an incident with Plaintiff's former father-in-law in 2016 is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion in limine regarding the use of her deposition transcript at trial is **DENIED**; and the Court further

**ORDERS** that the Court **RESERVES** decision on Defendants' motion to preclude Harita Chiu and Susan Carleo from testifying at trial; and the Court further

**ORDERS** that Defendants' motion to preclude Maria Yu from testifying at trial is **GRANTED**; and the Court further

**ORDERS** that the Court **RESERVES** decision on Defendants' motion to preclude Plaintiff from introducing evidence of economic loss; and the Court further

**ORDERS** that Defendants' motion to preclude Plaintiff from introducing evidence in support of a claims for negligent hiring/retention is **DENIED**; and the Court further is

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 23, 2019
      Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge